UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jamie Starnes, | ) | C/A No. 0:13-1109-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Harrell Industries, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Plaintiff Jamie Starnes ("Plaintiff" or "Starnes") filed this action against his former employer, Defendant Harrell Industries, Inc., alleging he was terminated in violation of the Americans with Disabilities Act ("ADA"). ECF No. 1. On May 23, 2012, Defendant filed a Motion for an "Order Dismissing the Complaint, Staying Discovery, and Compelling Arbitration." ECF No. 5. Plaintiff filed a Response in Opposition on June 10, 2013, ECF No. 7; Defendant filed a Memorandum in Reply on June 13, 2013, ECF No. 9. Having considered the parties' briefs and argument, the undersigned submits this report recommending Defendant's Motion be granted in part and denied in part, as more fully set forth herein.[1]

I.      Analysis

The facts relevant to Defendants' Motion are not in dispute. Plaintiff began working at Defendant's facility in York, South Carolina in December 2011. Compl. ¶¶ 5-6, ECF No. 1. Plaintiff was terminated on March 16, 2012. *Id.* ¶ 15. On December 1, 2011, his first day of

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28, U.S.C. § 636 (b)(1)(B) and Local Rule 73.02(B)(2)(g), D.S.C.

employment with Defendant, Plaintiff signed Defendant Harrell's Employee's Acknowledgment and Receipt of Harrell's Orientation Checklist ("Employee Acknowledgment") and Harrell's Employment Guidelines and Procedures Manual ("Manual") [hereinafter the Employee Acknowledgement and Manual are sometimes referred to as "Employment Paperwork"]. *See* Employee's Acknowledgement, ECF No. 5-1 at 6-7.

The Employment Paperwork includes two references to arbitration that are relevant to Defendant's Motion. Plaintiff signed the cover page of the Manual, on which the following was printed in underlined, uppercase letters:

> THIS EMPLOYMENT RELATIONSHIP AND ALL DISPUTES CONCERNING SUCH RELATIONSHIP AND/OR ITS TERMINATION, INCLUDING BUT NOT LIMITED TO ALL FEDERAL AND STATE DISCRIMINATION AND HARASSMENT CLAIMS, ARE SUBJECT TO FINAL AND BINDING ARBITRATION[.] (SEE PARAGRAPH XXXII HEREIN).

Manual, ECF No. 5-1 at 2 (emphasis in original).

The arbitration clause referenced on that cover page provides in part as follows:

XXXII. ARBITRATION CLAUSE

EXCLUDING THE RIGHT OF EITHER PARTY TO SEEK INJUNCTIVE OR EQUITABLE RELIEF FROM A COURT OF LAW, ALL CLAIMS (PURSUANT TO FEDERAL OR STATE STATUTE(S) OR BY COMMON LAW), CONTROVERSIES, DIFFERENCES OR DISPUTES BETWEEN COMPANY AND EMPLOYEE ARISING OUT OF OR RELATING TO THIS EMPLOYEE MANUAL, THE BREACH THEREOF OR ANY ASPECT OF THE EMPLOYMENT RELATIONSHIP, INCLUDING THE TERMINATION OF SUCH RELATIONSHIP OR ANY AND ALL CLAIMS AGAINST CO-EMPLOYEES OR CLAIMS FOR WRONGFUL DISCHARGE AGAINST PUBLIC POLICY OR FOR ANY ALLEGED CLAIMS OF DISCRIMINATION OR HARASSMENT BASED UPON RACE, COLOR, RELIGION, SEX, AGE, DISABILITY, NATURAL ORIGIN OR PREGNANCY OR FOR ALLEGED VIOLATIONS OF THE SOUTH CAROLINA HUMAN AFFAIRS COMMISSION'S STATUTES; AGE DISCRIMINATION EMPLOYMENT ACT (ADEA), 29 U.S.C. § 621 ET SEQ.; AMERICANS WITH DISABILITIES ACT (ADA), . . . SHALL BE SETTLED BY FINAL AND BINDING ARBITRATION IN ACCORDANCE WITH S.C. CODE ANN.§ 15-48-10 ET SEQ.

Manual ¶ XXXII, ECF No. 7-1 at 2-3 (emphasis in original). The Arbitration Clause continues for another page and includes details regarding selection of arbitrators, venue of arbitration, and payment of expenses. *Id.* at 3-4. Relevant to this Motion, the Arbitration Clause provides the following:

> THE ARBITRATOR SHALL CONDUCT THE PROCEEDINGS IN ACCORDANCE WITH S.C. Code Ann. § 15-48-10 *ET SEQ.* AND CAN ONLY AWARD DAMAGES RECOVERABLE PURSUANT TO THE CAUSES OF ACTION ENTERTAINED BY THE ARBITRATOR AND AS PERMITTED BY SOUTH CAROLINA LAW. . . . <u>THE PARTIES ACKNOWLEDGE THAT ARBITRATION SHALL BE THE SOLE, FINAL, BINDING AND EXCLUSIVE REMEDY OF THE PARTIES WITH RESPECT TO ANY SUCH MATTER FOR WHICH ARBITRATION IS REQUIRED HEREUNDER. THE EMPLOYEE UNDERSTANDS AND ACKNOWLEDGES THAT HE OR SHE WAIVES HIS OR HER RIGHT TO HAVE ANY DISPUTED MATTER HEARD AND TRIED BEFORE A JUDGE OR A JURY OF THEIR PEERS.</u>

*Id.* at 3-4 (emphasis in original).

Additionally, in signing the Employee Acknowledgement, Plaintiff agreed that he understood several statements, including the following regarding arbitration of any disputes:

> <u>I [PLAINTIFF] [] UNDERSTAND THAT Harrell Industries REQUIRES AND I AGREE TO ARBITRATE EXCLUSIVELY AND TO FINALITY, THE RESOLUTION OF GRIEVANCES AND SETTLE ANY AND ALL PREVIOUSLY UNASSERTED CLAIMS, DISPUTES OR CONTROVERSIES ARISING OUT OF OR RELATING TO MY APPLICATION OR CANDIDACY FOR EMPLOYMENT, EMPLOYMENT AND/OR CESSATION OF EMPLOYMENT WITH HARRELL INDUSTRIES. BY WAY OF EXAMPLE ONLY, SUCH CLAIMS INCLUDE BUT ARE NOT LIMITED TO, CLAIMS UNDER FEDERAL, STATE, AND LOCAL STATUTORY OR COMMON LAW, SUCH AS THE AGE DISCRIMINATION IN EMPLOYMENT ACT, TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, INCLUDING THE AMENDMENTS OF THE CIVIL RIGHTS ACT OF 1991, THE AMERICANS WITH DISABILITIES ACT, THE LAW OF CONTRACT AND THE LAW OF TORT. (EMPHASIS ADDED). I ALSO UNDERSTAND THAT AS A CONDITION OF EMPLOYMENT, I AGREE TO SUBMIT ANY AND ALL COMPLAINTS TO THE REQUIRED ARBITRATION PROCESS AND AGREE TO ABIDE BY AND ACCEPT THE FINAL DECISION OF THE ARBITRATION PANEL AS THE BINDING RESOLUTION OF ANY AND ALL COMPLAINTS THAT ARISE OUT OF EMPLOYMENT, TERMINATION OF EMPLOYMENT OR FOR ALL FEDERAL AND STATE DISCRIMINATION CLAIMS.</u>

Employee Acknowledgement, ECF No. 5-1 at 6.

Defendant brings this Motion arguing the issues in Plaintiff's lawsuit fall within the scope of the Arbitration Clause and are covered by all arbitration provisions in the Employment Paperwork. Def.'s Mem. 3, ECF No. 5. Defendant has demanded arbitration and argues it is entitled to the court's order dismissing the Complaint, staying the action, and compelling Plaintiff to submit his claims to arbitration pursuant to the Federal Arbitration Act (the "FAA" or the "Federal Act"), 9 U.S.C. § 1 *et seq*. and the South Carolina Uniform Arbitration Act ("SC Act"), S.C. Code Ann. § 15-48-10 *et seq*. Def.'s Mem. 3, 6, ECF No. 5.

In response, Plaintiff argues the Arbitration Clause is unenforceable because it purports to make agreeing to arbitrate disputes a condition of employment, thereby violating the SC Act. Pl.'s Resp. 2, ECF No. 7. Plaintiff also argues that, even if the agreement to arbitrate is enforceable, generally, the Arbitration Clause expressly excludes equitable and injunctive relief from arbitration. Accordingly, Plaintiff submits the equitable relief he seeks in this matter, "including but not limited to front pay[,]" are not to be submitted to arbitration. *Id.* at 2-3. The court considers Plaintiff's arguments in turn.

A. The Arbitration Clause is Enforceable

Plaintiff argues that the agreement to arbitrate is not enforceable based on limitations the SC Act places on arbitration in the employment setting. Plaintiff first notes the parties agreed that the SC Act would apply to all employment disputes. Pl.'s Resp. 2, ECF No. 7. Plaintiff then cites paragraph 3 of the Employee Acknowledgement, which provides that, by signing, Plaintiff "ALSO UNDERSTAND[S] THAT AS A CONDITION OF EMPLOYMENT, [HE] AGREE[S] TO SUBMIT ANY AND ALL COMPLAINTS TO THE REQUIRED ARBITRATION PROCESS." *Id.* (emphasis in original) (citing Employment Agreement ¶ 3, avail. at ECF No. 7-2

at 2). As Plaintiff explains, the SC Act "limits the applicability of arbitration agreements in an employment setting." Pl.'s Resp. 2, ECF No. 7. Plaintiff cites a portion of the SC Act, which provides that an agreement to arbitrate "shall not be made a condition of employment." *Id.* (citing S.C. Code Ann. § 15-48-10(b)(2)).

In response, Defendant submits that Plaintiff's argument must fail because South Carolina's courts have interpreted the SC Act as being preempted by the Federal Act to the extent any portion of the SC Act conflicts with the FAA and would operate to bar arbitration. Def.'s Reply 1, ECF No. 9. The undersigned agrees with Defendant.

In *Munoz v. Green Tree Financial Corp.*, 542 S.E.2d 360 (S.C. 2001), the court considered the interplay between the State and Federal Acts. As the Supreme Court of South Carolina explained, the FAA "applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction." *Id.* at 363. The court noted parties are free to agree by contract that the SC Act, as opposed to the Federal Act, applies to their arbitration agreement so long as the State Act did not "invalidate the parties' agreement to arbitrate[.]" 542 S.E.2d at 363 n.2 (citing *Soil Remediation Co. v. Nu Way Envtl.*, 476 S.E.2d 149 (S.C. 1996)).

Here, the parties have agreed that the SC Act governs their agreement to arbitrate. The FAA preempts that portion of the parties' agreement only to the "extent it would have invalidated the arbitration agreement." *Munoz,* 542 S.E.2d at 363 n.3. Therefore, the Federal Act preempts the portion of the SC Act that would invalidate the arbitration agreement because it was a condition of Plaintiff's employment. S.C. Code Ann. § 15-48-10(b)(2). Accordingly, this portion of Plaintiff's argument fails. The parties' agreement to arbitrate is enforceable.

B.  Equitable Relief Excluded from Arbitration

Plaintiff also challenges Defendant's Motion by arguing that, even if the court finds the Arbitration Clause is generally enforceable, the Clause by its terms excludes "THE RIGHT OF EITHER PARTY TO SEEK INJUNCTIVE OR EQUITABLE RELIEF FROM A COURT OF LAW." Pl.'s Resp. 3, ECF No. 7 at 2 (citing Arbitration Clause, avail. at ECF No. 7-1 at 2). Plaintiff states that he seeks equitable relief in this case, and that the equitable relief he seeks includes "but is not limited to front pay." Pl.'s Resp. 3, ECF No. 7. Because front pay is an equitable remedy to be considered by the court, Plaintiff submits that his request for front pay and any other equitable issues "would not be submitted to arbitration, given the express terms of the Arbitration Clause." *Id.* at 4 (citing *Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991)).

In response, Defendant does not dispute that front pay is equitable in nature. Specifically, Defendant submits that front pay is "an equitable damage that is determined by the court and not the jury." Def.'s Reply 2, ECF No. 9. Defendant argues, though, that to interpret the Arbitration Clause as intending that the parties arbitrate Plaintiff's discrimination claims but he then be permitted to bring the same claims in federal court seeking front pay would lead to an "absurd result." *Id.* at 3. Accordingly, Defendant argues that the term "equitable relief" should be "given its traditional meaning and should not be given an interpretation that renders the arbitration clause nonsensical and which therefore frustrates the clear intent of the parties." *Id.*

Having considered the parties' arguments, the undersigned is of the opinion that, if the arbitrator finds Defendant liable to Plaintiff on the ADA claim, and after the arbitrator considers Plaintiff's entitlement to any available legal remedies—including compensatory damages—the matter will return to this court for consideration of Plaintiff's claims for equitable relief related to his ADA claims.

"The construction of a clear and unambiguous contract is a question of law for the court." *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 491 S.E.2d 695, 697 (S.C. App. 1997). "South Carolina follows an objective contract interpretation rule, meaning that if the language of a contract is perfectly plain and capable of legal construction, such language determines the force and effect of the instrument." *Catawba Indian Tribe of S.C. v. City of Rock Hill*, 501 F.3d 368, 372 (4th Cir. 2007) (internal quotations and citations omitted).

Based on the plain language of the Arbitration Clause, the parties' right "to seek injunctive or equitable relief from a court of law" is excluded from what the parties agreed would be subject to arbitration. Arbitration Clause, ECF No. 7-1 at 2-3. Equally plain is the parties' agreement that claims arising out of the employment relationship, including claims brought pursuant to the ADA, are subject to arbitration. *Id.*

Defendant submits that it would be "nonsensical" for the Arbitration Clause to require arbitration of the ADA claims and determination of any legal (as opposed to equitable) remedies available but to have the parties return to this court for consideration of Plaintiff's prayer for the equitable remedy of front pay and other equitable remedies appropriately flowing from the arbitrated claims. Def.'s Reply 3, ECF No. 9. Although this is perhaps cumbersome, the plain language of the Arbitration Clause indicates this is what the parties intended. The court's "duty is limited to the interpretation of the contract made by the parties, regardless of its wisdom or folly, apparent unreasonableness, or failure [of the parties] to guard their interests carefully." *B.L.G. Enters.*, 514 S.E.2d at 330 (internal quotation marks omitted). The parties entered into the Employment Agreement, including the Arbitration Clause in 2011. Since well before then, it has been known that front pay is an available equitable remedy for an ADA violation. *See generally Pollard v. E.I. DuPont de Nemours & Co.*, 532 U.S. 843, 854 (2001) (Title VII); "The ADA borrows remedies from Title VII for retaliation claims in the employment context. *See* 42 U.S.C.

§ 12117 (expressly adopting remedies available in Title VII employment discrimination cases in ADA).

The undersigned's recommended finding should *not* be construed as a recommendation that Plaintiff be permitted to relitigate the merits of his entire ADA suit in this court when seeking available equitable remedies. *Cf. Duke v. Uniroyal*, 928 F.2d at 1422 (noting that when both legal and equitable remedies are demanded, the case is first to be submitted to the jury to "resolve liability and all legal damages[,]" after which the court considers plaintiff's "issues of equitable relief."); *see also Thompkins v. Eckerd,* C.A. No. 8:09-2369-JMC (D.S.C. Apr. 3, 2012) (noting court would consider plaintiff's entitlement to front pay after jury's determination of liability). Here, the arbitrator is to "resolve liability and all legal damages." *Id.* After the arbitration is finalized, Plaintiff should be required to inform the court and should make an appropriate motion before this court.

## II.     Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends Defendant's Motion, ECF No. 5, be granted in part and denied in part. It is recommended that the portion of Defendant's Motion seeking to stay discovery and compel arbitration be *granted* and the portion of the Motion seeking to dismiss Plaintiff's Complaint be *denied*. In addition to staying discovery, the Federal Act requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. "This stay-of-litigation provision is mandatory." *Adkins v. Labor Ready, Inc*., 303 F.3d 496, 500 (4th Cir. 2002). The State Act contains a similar requirement. *See* S.C. Code Ann. § 15-48-20(d). Accordingly, it is recommended that the entire litigation be stayed pending arbitration. Even though the undersigned recommends the limited issue of damages in equity be reserved for this court as it is not subject to the Arbitration Agreement, that portion of the Complaint should also

8

be stayed as it is dependent on the arbitration's outcome. If the district court accepts the undersigned's recommended finding, this suit must be stayed pending the outcome of the arbitration.

      IT IS SO RECOMMENDED.

August 30, 2013                                        Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**